UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES NAPOLEON**                          **CIVIL ACTION**

**VERSUS**                                    **NO. 20-1775**

**SHOWS, CALI & WALSH,**                      **SECTION "B"(4)**
**LLP, ET AL.**

<u>**ORDER AND REASONS**</u>

Considering plaintiff's motion for leave to exceed the page limit in plaintiff's memorandum in support of motion for reconsideration (Rec. Doc. 64),

**IT IS ORDERED** that the motion is **DENIED**. As memorandum in support of the motion for reconsideration, plaintiff seeks to file an entire pleading filed by his counsel in a different case before a different section of this Court. *See* Rec. Doc. 64-3. The caption in the memorandum does not reflect the instant matter, the standard of law reflects a motion not pending before the Court, and the entire pleading references a different plaintiff. *See id.* Additionally, portions of the memorandum reference issues unrelated to this case. *See, e.g., id.* at 3-6, 40-46. The Court recognizes there could be grounds for exceeding page limits on a motion for reconsideration regarding the applicable statute of limitations governing defendants' collection lawsuits. However, at almost two weeks before trial and after the deadline for filing

1

dispositive motions has expired, filing a fifty-page pleading untailored to the instant case and instant motion burdens the opposing party and hinders judicial efficiency. *See Vasudevan v. Adm'rs of Tulane Educ. Fund*, No. 16-284, 2017 WL 661262, at *1 (E.D. La. Feb. 17, 2017) (finding that a failure to comply with the Court's filing deadlines prejudiced defendants, and thus, was grounds for striking the pleading at issue); *Peuler v. Jewell*, No. 14-0247, 2016 WL 5930242, at *1 (E.D. La. Oct. 12, 2016) (noting that a pleading of "massive size and general unwieldiness" can be stricken from the record); *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (noting that it is within the district court's discretion to limit the page length of a party's pleading); *Loften v. Paton*, No. 5:17-CV-00153-RWS, 2018 WL 8920051, at *2 (E.D. Tex. Aug. 6, 2018) (denying a motion for leave to exceed the page limit because the party did not show good cause); *Gulf Petro Trading Co. v. Nigerian Nat. Petroleum*, 233 F.R.D. 492, 493 (E.D. Tex. 2005) (denying a party's motion to exceed page limit because "there [was] no reason to believe that an expansion of the page limit is going to improve the clarity of the argument").

Even if the subject motion were allowed, the related motion for reconsideration would have been dismissed. A motion for reconsideration serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Atchafalaya Basinkeeper v. Bostick*, 663 F.

2

App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In his motion, plaintiff states that "[n]ew information has been discovered since the Court's December 1, 2021 Order and Reasons." Rec. Doc. 64-2 at 3. He believes that the motion for summary judgment in a separate, but allegedly related case,[1] "with its new evidence and new legal argument related thereto supports reconsideration of the Court's prior decision." *Id.* Plaintiff, however, does not explain what evidence is newly discovered and fails to demonstrate why these arguments could not have been offered or raised before the entry of judgment. *See Atchafalaya Basinkeeper*, 663 F. App'x at 294; *Templet*, 367 F.3d at 479. As earlier mentioned, the motion comes a month after the deadline for dispositive motions had expired. *See Vasudevan*, 2017 WL 661262, at *1. Therefore, plaintiff's motion to reconsider the Order and Reasons at Record Document 42 (Rec. Docs. 64-2, 64-3) should be dismissed.

    To the extent it is shown at trial that there has been an intervening change in the controlling law, that the movant presents

---

[1] Plaintiff references *Calogero, et al. v. Shows, Cali, & Walsh LLP, et al.*, No. 18-6709 (E.D. La. July 16, 2018).

newly discovered evidence that was previously unavailable, or that the Court needs to correct a manifest error, the previous Order (Rec. Doc. 42) remains subject to further consideration at trial.

New Orleans, Louisiana this 9th day of March, 2022

                                                      SENIOR UNITED STATES DISTRICT JUDGE